1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Dennis T. GRENDAHL.
 No. 91-1195.
 United States Court of Appeals, Federal Circuit.
 May 11, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Commissioner of Patents and Trademarks moves to dismiss the appeal of Dennis T. Grendahl. Grendahl opposes the motion.
 
 
 2
 On November 29, 1990, the Board of Patent Appeals and Interferences issued a decision affirming the examiner's rejection of claims 66, 67, and 68 of Grendahl's patent application and entering new grounds of rejection for those same claims. Grendahl appealed.
 
 
 3
 The Commissioner moves to dismiss on the ground,* inter alia, that Grendahl was required to either request reconsideration by the Board with respect to the new rejections or, alternatively, to prosecute further before the Board. Section 1.196(b) of 37 C.F.R. provides:
 
 
 4
 Should the Board of Patent Appeals and Interferences have knowledge of any grounds not involved in the appeal for rejecting any appealed claim, it may include in the decision a statement to that affect with its reasons for so holding, which statement shall constitute a new rejection of the claims. A new rejection shall not be considered final for the purpose of judicial review. When the Board of Patent Appeals and Interferences makes a new rejection of an appealed claim, the appellant may exercise either of the two options with respect to the new ground:
 
 
 5
 (1) The appellant may submit an appropriate amendment of the claims so rejected or a showing of facts, or both, and have the matter reconsidered by the examiner....
 
 
 6
 (2) The appellant may have the case reconsidered under 1.197(b) by the Board of Patent Appeals and Interferences upon the same record....
 
 
 7
 In response, Grendahl argues that he has a right to appeal pursuant to 35 U.S.C. Sec. 141 ("an applicant dissatisfied with the decision in an appeal to the Board ... may appeal the decision to [this court]"), that the Commissioner's application of Rule 196 is contrary to Sec. 141 and this court's precedent, and, in any event, he was required to appeal that part of the decision affirming the examiner's rejections.
 
 
 8
 Prior to July 13, 1989, the Patent and Trademark Office rules provided the option of immediate appeal in a situation like this. 37 C.F.R. Sec. 1.196(b)(3) ("The appellant may treat the decision, including the new grounds for rejection given by the Board of Patent Appeals and Interferences, as a final decision in the case.") In In Re Evanega, 829 F.2d 1110 (Fed.Cir.1987), we stated:
 
 
 9
 The regulatory scheme of the PTO is admitted by the Commissioner to specifically authorize an appellant, who is dissatisfied with a board decision, to "appeal directly ... without first requesting reconsideration." In fact, the Commissioner concedes that Evanega did not seek reconsideration "as was [its] right." See 37 C.F.R. Sec. 1.196(b)(3) ("[t]he appellant may treat the decision, including the new grounds for rejection ..., as a final decision in the case." [Emphasis in Evanega ]
 
 
 10
 Given the PTO's regulation and the inapplicability of the cases cited by the Commissioner, we reject the contention that an applicant whose application is rejected by the board on a new ground must seek reconsideration and present its arguments to the board before appealing that rejection to this court. In Re Nielson, 816 F.2d at 1571, 2 USPQ2d at 1527.
 
 
 11
 Evanega, 829 F.2d at 1113. Thus, we acknowledged the right of a party to appeal without first seeking reconsideration after a new ground rejection by the Board in view of the PTO rule permitting it. Now, however, the PTO has promulgated a new rule requiring further prosecution after a new ground rejection by the Board. We do not deem the new rule to be inconsistent with Evanega. Evanega held that a party could appeal in view of the PTO rule. Now the PTO has changed the rule.
 
 
 12
 Grendahl also argues that the Commissioner is applying the rule improperly or that the rule is inconsistent with Sec. 141 of the statute. Grendahl is not asserting that the new rule was improperly promulgated. With regard to the Commissioner's application of the rule, we disagree with Grendahl that the use of the word "may" in Rule 1.196(b), i.e., "the appellant may exercise either one of two options with respect to the new ground" gives Grendahl the option of appealing directly to this court or of pursuing one of the options in the rule. The rule is clarified by the phrase following "may" i.e., "either one of the [limited] options...."
 
 
 13
 We also disagree with Grendahl that the rule is inconsistent with Sec. 141. Section 141 permits a dissatisfied party to appeal a Board decision. Rule 1.196 set forth when a Board decision becomes final for purposes of judicial review. We agree with the Commissioner that Copelands' Enterprises, Inc. v. CNV, Inc., 887 F.2d 1065 (Fed.Cir.1989) (in banc) sets forth a general requirement that PTO decisions be final before they may be appealed. Further, as iterated in Copelands', the policy against piecemeal appeals does not permit Grendahl to bifurcate its appeal by now seeking review of the affirmed rejections and later seeking review of the new ground rejections.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 (1) The Commissioner's motion to dismiss is granted.
 
 
 16
 (2) The case is remanded to the PTO to permit Grendahl to proceed as he wishes pursuant to Rule 1.196(b).
 
 
 
 *
 The Commissioner's argument regarding abandonment of the patent is not on point. Grendahl appealed a Board decision, he did not abandon his application